Matthew D. Resnik (Bar No. 182562)
W. Sloan Youkstetter (Bar No. 296681)
**RHM LAW LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
matt@RHMFirm.com
sloan@RHMFirm.com

*Attorneys for Reorganized Debtor*
Lift Society Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>LIFT SOCIETY INC.,<br><br>Debtor and Debtor-in-Possession. | Case No. 1:25-bk-10258-MB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO APPROVE STIPULATION TO DISMISS ADVERSARY PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DYLAN DAVIES IN SUPPORT THEREOF**<br><br>*[No hearing required – Local Bankruptcy Rule 9013-1(o)]* |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE AND HIS COUNSEL OF RECORD; THE SUBCHAPTER V TRUSTEE; CREDITORS AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that Lift Society Inc., previously the "Debtor" and "Debtor-in-Possession" ("DIP") in this Chapter 11 case and now the "Reorganized Debtor" herein, will and does hereby move the Court for entry of an order approving the *Stipulation by Lift Society, Inc. and David D. Schenk to Dismiss Adversary Proceeding*

*with Prejudice,* filed in the related adversary proceeding, pursuant to Rule 9019 of the *Fed. R. of Bank. Proc.*

The Motion is based upon this Notice of Motion and Motion, the attached declaration, all pleadings and records on file in this case, and upon such other evidentiary matters as may be presented to the Court regarding the Motion.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1(o), any party objecting to the Motion may request a hearing on the Motion. The deadline for filing and serving a written opposition and request for a hearing is 14-days after the date of service of this notice, plus an additional three days if you were served by mail, electronically, or pursuant to F. R. Civ. P. (5)(b)(2)(D), (E), or (F).

If you fail to comply with this deadline, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice.

Dated: August 24, 2026

**RHM LAW LLP**

**By:** /s/ Matthew D. Resnik
**Matthew D. Resnik**
**W. Sloan Youkstetter**
*Attorneys for Reorganized Debtor*
Lift Society Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

This case commenced by the filing of a voluntary petition under Chapter 11 on February 19, 2025. The Debtor made the small business debtor election under subchapter V on the petition. John-Patrick McGinnis Fritz was appointed the subchapter V trustee ("Trustee") on February 20, 2025 [Docket No. 8].

On November 26, 2025, the Court entered an order (the "Confirmation Order") [Docket No. 129] confirming the Reorganized Debtor's *First Amended Chapter 11 Plan of Reorganization* (the "Plan") [Docket No. 115].

The Plan was confirmed nonconsensually pursuant to §1191(b) and therefore: (1) the discharge will be entered upon duly granted motion by the Debtor, as soon as practicable after completion by the Debtor of the Plan payments, pursuant to 11 U.S.C. §§ 1141(d) and 1192; (2) property of the estate remains property of the estate pursuant to §1186(a); (3) although the Debtor shall act as the "Disbursing Agent" for the purpose of making the distributions to all classes provided for under the Plan, the subchapter V Trustee shall continue to serve until all Plan payments have been made.

The Plan's effective date was December 10, 2025 (the "Effective Date") [Docket No. 133]. No appeal was taken from the Confirmation Order. No stay of the Confirmation Order or of implementation of the Plan was sought or obtained from any creditor or party-in-interest.

As detailed in the Reorganized Debtor's *Postconfirmation Status Conference Report* [Docket No. 136], the Plan payments that the Reorganized Debtor was required to make by the Effective Date were paid timely, as were all subsequent payments. The Reorganized Debtor remains current on each of the requirements of the Plan. *In fact, the Reorganized Debtor has now paid all unsecured creditors in full.*

As anticipated in the Plan, the Reorganized Debtor thereafter brought an adversary complaint against 50% shareholder, David Schenk ("Schenk"), for breach of fiduciary duties and other causes of action (Adv. Pro. No. 1:25-ap-01071-MB).

After evaluating the cost to proceed with the adversary proceeding in the Bankruptcy Court – which prevents the Reorganized Debtor from seeking a final decree and discharge and closure of this case; which in turn results in significant added attorney's fees and costs for continued monitoring, status reports and hearings – the Reorganized Debtor sought agreement from Schenk to dismiss the adversary proceeding with prejudice.

The parties thereafter executed and filed their *Stipulation by Lift Society, Inc. and David D. Schenk to Dismiss Adversary Proceeding with Prejudice* on August 12, 2026 [Docket No. 28, filed in the related adversary proceeding] (the "Stipulation") and lodged a draft order approving the Stipulation. Attached as **Exhibit "A"** and incorporated herein is the Stipulation.

The Court thereafter entered orders in both the main bankruptcy case [Docket No. 150] and the related adversary proceeding [Docket No. 31]: (a) ordering the Reorganized Debtor to file a motion to approve the Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019; (b) the motion should include analysis regarding whether such agreement is fair and equitable to creditors, in the best interests of the estate, and reasonable in the circumstances under the Ninth Circuit standards articulated in *Martin v. Kane (In re A & C Props.),* 784 F.2d 1377, 1380 (9th Cir. 1986); (c) the motion may be brought on negative notice pursuant to Local Bankruptcy Rule 9013-1(o) or, alternatively, may be set for hearing; (d) the motion must be served on all members of Class 4, any parties requesting special notice, and on the Trustee.

///

///

///

///

## II. ARGUMENT

*A. The Court May Approve a Settlement of a Pending Controversy*

Rule 9019 of the *Fed. R. of Bank. Proc.* ("FRBP") authorizes a trustee (or debtor-in-possession) to settle a controversy upon filing of a motion to approve the compromise and the court has the authority to decide whether to approve a settlement of claims held by a bankruptcy estate. The Judgment herein represents such a compromise.

It is well-established that a compromise should be approved if it is "in the best interest of the estate . . . and is fair and equitable for the creditors." *Schmitt v. Ulrich* (*In re Schmitt*), 215 B.R. 417, 424 (B.A.P. 9th Cir. 1997); *ATKN Company v. Guy F. Atkinson Company of California* (*In re Guy F. Atkinson Company*), 242 B.R 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate.")

The Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988).

Accordingly, in approving a settlement agreement, the court need not conduct an exhaustive investigation of the claims that sought to be compromised. *See In re Walsh Constr., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the court finds that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *See A&C Properties*, 784 F.2d at 1381; *see also In re Am. Bldg. Storage*, 285 Fed. Appx. 375 (9th Cir. 2008).

Finally, while creditors' objections to a compromise must be afforded due deference, such objections are not controlling. *In re The General Store of Beverly Hills*, 11 B.R. 539, 541 (B.A.P. 9th Cir. 1981).

Traditionally, in evaluating whether to approve a compromise, courts in the Ninth Circuit must consider the following:

(a) The probability of success in litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved and the expense; inconvenience and delay necessarily attending it; and

(d) the paramount interest of the creditors and a proper deference to their reasonable views.

*A&C Properties*, 784 F.2d at 1381.

In considering these factors, courts are guided by two principles. First, "the law favors compromise". *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976). Compromises are favored in bankruptcy and have become "a normal part of the process of reorganization". *Protective Committee for Independent Stockholders of TMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414, 424, (1968) (*quoting Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). Second, a compromise should be approved unless it "fall[s] below the lowest point in the range of reasonableness". *In re W.T. Grant Co.*, 699 F.2d599, 608 (2d Cir. 1983).

Moreover, when considering these factors, the court need only canvass the issues, "a mini trial on the merits is not required". *Schmidtt*, 215 B.R. at 423. Although the court is to consider the range of results in the litigation, "the court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated." *In re Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

Here, the Reorganized Debtor believes that approval of the Stipulation and dismissal of the related adversary proceeding is in the best interest of the estate, and fair and equitable, as follows.

1. <u>The probability of success in litigation.</u>

Although the Reorganized Debtor believes that it will ultimately prevail in the adversary proceeding, the nature of litigation is inherently risky and expensive.

The core issue in the dispute is the unauthorized withdrawal of company funds through fictitious filings and falsified bank records. As such, the Debtor believes that Schenk will continue to fervently defend himself and the litigation will continue for the foreseeable future. Further, the Debtor believes that Schenk could appeal any negative ruling(s) and the litigation could drag on indefinitely. As a result, the Debtor has incurred significant fees and costs and will continue to accrue significant fees absent a resolution to the litigation. Potentially, the cost to litigate could exceed the amount can be collected from a judgment against Schenk.

In the Debtor's business judgment, it believes that the upside in potentially prevailing does not significantly outweigh the potential downside with continuing the litigation.

2. <u>The difficulties, if any, to be encountered in the matter of collection</u>.

Generally, collection against any party is uncertain. Nonetheless, the Debtor believes that any attempt to collect against Schenk will be difficult, assuming the Debtor prevails and all appeals are exhausted. Based on the dynamics between Ms. Davies and Schenk, the Debtor believes that Schenk will fight any collection efforts and it will expend considerable resources to pursue it.

3. <u>The complexity of the litigation involved and the expense; inconvenience and delay necessarily attending it.</u>

The underlying issues relate to unauthorized actions by an insider, which makes the litigation inherently complicated as the issues are extremely factually intensive.

As stated previously, the continued cost to litigate will be substantial. Further, the longer that the adversary proceeding continues, the longer the main bankruptcy case will have to remain open, which prevents the Reorganized Debtor from seeking a final decree and discharge and closure of this case - which in turn results in significant added attorney's

fees and costs for continued monitoring, status reports and hearings. As stated previously, the Reorganized Debtor has paid all unsecured creditors in full, and this litigation is preventing the Debtor from obtaining its discharge.

4. The paramount interest of the creditors and a proper deference to their reasonable views.

The Stipulation should not have any effect on the creditors or the confirmed Plan. The Debtor has already paid in full (1) the priority claim held by the Franchise Tax Board, (2) Class 1 (JPMorgan Chase Bank, N.A.), and (3) Class 4 (the allow general unsecured claims). The claimant in Class 2 is the U.S. Small Business Administration, and the Debtor is proposing to pay the contractual payments.

## III. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant this Motion; approve the Stipulation; and grant such other and further relief as is just and proper under the circumstances.

Dated: August 24, 2026

**RHM LAW LLP**

**By:** /s/ Matthew D. Resnik
**Matthew D. Resnik**
**W. Sloan Youkstetter**
*Attorneys for Reorganized Debtor*
Lift Society Inc.

**<u>DECLARATION OF DYLAN DAVIES</u>**

I, Dylan Davies, declare as follows:

1. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2. I am the 50% shareholder and the sole officer of Lift Society Inc., previously the "Debtor" and "Debtor-in-Possession" ("DIP") in this Chapter 11 case and now the "Reorganized Debtor" herein. I also manage the day-to-day operations. I am authorized to make decisions for the Debtor.

3. This case commenced by the filing of a voluntary petition under Chapter 11 on February 19, 2025. The Debtor made the small business debtor election under subchapter V on the petition. John-Patrick McGinnis Fritz was appointed the subchapter V trustee ("Trustee") on February 20, 2025 [Docket No. 8].

4. On November 26, 2025, the Court entered an order (the "Confirmation Order") [Docket No. 129] confirming the Reorganized Debtor's *First Amended Chapter 11 Plan of Reorganization* (the "Plan") [Docket No. 115].

5. The Plan's effective date was December 10, 2025 (the "Effective Date") [Docket No. 133]. No appeal was taken from the Confirmation Order. No stay of the Confirmation Order or of implementation of the Plan was sought or obtained from any creditor or party-in-interest.

6. As detailed in the Reorganized Debtor's *Postconfirmation Status Conference Report* [Docket No. 136], the Plan payments that the Reorganized Debtor was required to make by the Effective Date were paid timely, as were all subsequent payments.

7. The Reorganized Debtor remains current on each of the requirements of the Plan.

8. In fact, the Reorganized Debtor has now paid all unsecured creditors in full.

9. As anticipated in the Plan, thereafter the Reorganized Debtor brought an adversary complaint against 50% shareholder, David Schenk ("Schenk"), for breach of fiduciary duties and other causes of action (Adv. Pro. No. 1:25-ap-01071-MB).

10. However, after evaluating the cost to proceed with the adversary proceeding in the Bankruptcy Court, the Reorganized Debtor sought agreement from Schenk to dismiss the adversary proceeding with prejudice.

11. This decision was made after considering that proceeding with the litigation prevents the Reorganized Debtor from seeking a final decree and discharge and closure of this case, which in turn results in significant added attorney's fees and costs for continued monitoring, status reports and hearings.

12. The parties thereafter executed and filed their *Stipulation by Lift Society, Inc. and David D. Schenk to Dismiss Adversary Proceeding with Prejudice* on August 12, 2026 [Docket No. 28, filed in the related adversary proceeding] (the "Stipulation") and lodged a draft order approving the Stipulation. Attached as **Exhibit "A"** is a true and correct copy of the Stipulation.

13. I believe that approval of the Stipulation and dismissal of the related adversary proceeding is in the best interest of the estate, and fair and equitable.

14. Although I believe that the Debtor will ultimately prevail in the adversary proceeding, the nature of litigation is inherently risky and expensive. The core issue in the dispute is the unauthorized withdrawal of company funds through fictitious filings and falsified bank records. As such, I believe that Schenk will continue to fervently defend himself and the litigation will continue for the foreseeable future. Further, I believe that Schenk could appeal any negative ruling(s) and the litigation could drag on indefinitely. As a result, the Debtor has incurred significant fees and costs and will continue to accrue significant fees absent a resolution to the litigation.

15. I believe that any attempt to collect against Schenk will be difficult, assuming the Debtor prevails and all appeals are exhausted. Based on the dynamics

between Schenk and me, I believe that Schenk will fight any collection efforts and the Debtor will expend considerable resources to pursue it.

16. In my business judgment, I believe that the upside in potentially prevailing does not significantly outweigh the potential downside with continuing the litigation.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this August ___, 2026, at _____________________, California.

By: see next page
Dylan Davies
***Declarant***

between Schenk and me, I believe that Schenk will fight any collection efforts and the Debtor will expend considerable resources to pursue it.

16. In my business judgment, I believe that the upside in potentially prevailing does not significantly outweigh the potential downside with continuing the litigation.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this August 24, 2026, at SHERMAN OAKS, California.

By: ______________________
Dylan Davies
***Declarant***

# EXHIBIT "A"

Steven J. Mirsky, SBN 297370

**MIRSKY CORPORATE ADVISORS, APC**
901 Dove St., Ste. 120
Newport Beach, CA 92660
Telephone: (949) 200-6837
Email: smirsky@mirskycorporateadvisors.com
*Counsel for Plaintiff Lift Society, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO DIVISION**

| | |
|---|---|
| In re:<br><br>LIFT SOCIETY, INC.,<br><br>Debtor and Debtor-in-Possession. | Case No. 1:25-bk-10258-MB<br><br>Chapter 11<br><br>Hon. Martin R. Barash<br><br>Adv No. 1:25-ap-01071-MB |
| LIFT SOCIETY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID DANIEL SCHENK,<br><br>Defendant. | **STIPULATION TO DISMISS ADVERSARY PROCEEDING**<br><br>*Current Hearing:*<br>Date: , 2026<br>Time: 9:00 a.m.<br>Place: |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE AND HIS COUNSEL OF RECORD; THE SUBCHAPTER V TRUSTEE; AND ALL PARTIES IN INTEREST:**

LIFT SOCIETY, INC., the "Debtor" and the "Plaintiff" in the above-stated case, and DAVID DANIEL SCHENK, an individual ("Schenk"), the "Defendant" herein, hereinafter

collectively referred to as the "Parties," by and through their respective counsel, hereby stipulate and agree as follows.

## RECITALS

A. The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 on February 19, 2025.

B. The Debtor filed its *Amended Chapter 11 Plan of Reorganization* on September 19, 2026 [Dkt. No. 115] (the "Plan").

C. The Court issued an Order confirming the Plan on November 26, 2025 [Dkt. No. 129].

D. On October 27, 2026, the Debtor commenced this adversary proceeding by filing a complaint asserting various causes of action, including Turnover and Avoidance of Fraudulent Transfer. Schenk filed its answer on May 13, 2026.

E. The Parties thereafter conferred and negotiated in good faith concerning the resolution of this adversary proceeding. The Parties have accordingly agreed to consensual dismissal of this adversary proceeding, as set forth below.

## STIPULATION

NOW, THEREFORE, the Parties hereby agree as follows:

1. The recitals set forth above are incorporated herein by this reference.

2. This adversary proceeding is dismissed with prejudice; and

3. The Status Conference currently set for September 16, 2026 at 2:30 P.M is hereby vacated.

///

///

///

///

///

///

///

Dated: August 12, 2026

**MIRSKY CORPORATE ADVISORS, APC**

**By: /s/ Steven J. Mirsky, Esq.**
Steven J. Mirsky, Esq.
*Attorneys for Plaintiff*
LIFT SOCIETY, INC.

Date: August 12, 2026

**LAW OFFICES OF MICHAEL JAY BERGER**

**By:** [signature]
Michael J. Berger,
*Attorneys for Defendant*
DAVID D. SCHENK

Case 1:25-bk-10258-MB Doc 28-1 Filed 08/12/26 Entered 08/12/26 18:15:17 Desc Main Document Page 17 of 22

Steven J. Mirsky, SBN 297370
**MIRSKY CORPORATE ADVISORS, APC**
901 Dove St., Ste. 120
Newport Beach, CA 92660
Telephone: (949) 200-6837
Email: smirsky@mirskycorporateadvisors.com
*Counsel for Plaintiff Lift Society, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO DIVISION**

| | |
|---|---|
| In re:<br><br>LIFT SOCIETY, INC.,<br><br>Debtor and Debtor-in-Possession.<br><br>LIFT SOCIETY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID DANIEL SCHENK,<br><br>Defendant. | Case No. 1:25-ap-10258-MB<br><br>Chapter 11<br><br>Adv No. 1:25-ap-01071-MB<br><br>**[PROPOSED] ORDER APPROVING STIPULATION TO DISMISS ADVERSARY PROCEEDING** |

LIFT SOCIETY, INC., the "Debtor" and the "Plaintiff" in the above-stated case, and DAVID DANIEL SCHENK, an individual ("Schenk"), the "Defendant" herein,, having filed a "Stipulation to Dismiss Adversary Proceeding" (the "Stipulation") with the Court on August 12, 2026 as Docket No. [28], and good cause appearing therefor,

///

///

///

IT IS HEREBY ORDERED THAT:

1. The Stipulation is **APPROVED**;

2. This adversary proceeding is dismissed with prejudice; and

3. The Status Conference currently set for September 16, 2026 at 2:30 P.M. is hereby vacated.

####

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
901 Dove St., Ste. 120, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): Stipulation to Dismiss Adversary Proceeding and Proposed Order______________________________________________________

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/12/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Trustee: John-Patrick McGinnis Fritz jpftrustee@lnbyg.com
Interested Party: Roksana@rhmfirm.com
U.S. Trustee: ustpregion16.wh.ecf@usdoj.gov
Defendant: Michael Berger micahel.berger@bankruptcypower.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/12/2026 | Steven Mirsky | /s/ Steven J. Mirsky, Esq. |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION TO APPROVE STIPULATION TO DISMISS ADVERSARY PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DYLAN DAVIES IN SUPPORT THEREOF

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/26/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/26/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08/26/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor's principal via email: not listed for privacy purposes

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/26/2026 | Gabriela Hansen | /s/ Gabriela Hansen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]**:

- **Michael Jay Berger** michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
- Counsel for Farbach LLC & Boas Err LLC (landlord): **Carol Chow** Carol.Chow@saul.com, hannah.richmond@saul.com, easter.santamaria@saul.com
- Counsel for UST: **Russell Clementson** russell.clementson@usdoj.gov
- **Richard Daniels** rich@mirskycorporateadvisors.com
- Subchapter V Trustee: **John-Patrick McGinnis Fritz (TR)** jpftrustee@lnbyg.com, jpf@trustesolutions.net
- Counsel for Chase Bank (secured): **Todd S. Garan** ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- Counsel for Debtor: **Roksana D. Moradi-Brovia** Roksana@rhmfirm.com, matt@rhmfirm.com; russ@rhmfirm.com; sloan@rhmfirm.com; susie@rhmfirm.com; priscilla@rhmfirm.com; rebeca@rhmfirm.com; rosario@rhmfirm.com; gabriela@rhmfirm.com; david@rhmfirm.com
- Counsel for Debtor: **Matthew D. Resnik** matt@rhmfirm.com, roksana@rhmfirm.com; russ@rhmfirm.com; sloan@rhmfirm.com; susie@rhmfirm.com; priscilla@rhmfirm.com; rebeca@rhmfirm.com; rosario@rhmfirm.com; gabriela@rhmfirm.com; david@rhmfirm.com
- **United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov
- **Elan S Levey** elan.levey@usdoj.gov, usacac.tax@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- Special Counsel for Debtor: **Steven Jeffrey Mirsky** smirsky@mirskycorporateadvisors.com

**2. SERVED BY UNITED STATES MAIL [CONTINUED]**:

Lessors (other than those served via NEF):

Etehad, LLC
1559 S Sepulveda Blvd.
Los Angeles, CA 90025

Park Arroyo, LLC
400 N Roxbury Drive
Beverly Hills, CA 90210

SEP Investments, LLC
420 N. Camden Dr
Beverly Hills, CA 90212

ALL PRIORITY CREDITORS OF THE ESTATE (other than those served via NEF):

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento, CA 95812-2952

Employment Development Department
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

California Dept. of Tax and Fee
Special Procedures Section MIC: 29
P.O. Box 942879
Sacramento, CA 94279

ALL REMAINING CREDITORS OF THE ESTATE + PARTIES FOR NOTICE (other than those served via NEF):

Aurora Brown Sanders
c/o Oscar Ramirez, Esq.
Blair & Ramirez LLP
515 S. Flower St., 19th FL
Los Angeles, CA 90071

Aurora Brown Sanders
c/o Kitty K. Szeto, Esq.
Blair & Ramirez LLP
555 West 5th Street, Suite 3750
Los Angeles, CA 90013

Chase Ink
Cardmember Service
P.O. Box 6294
Carol Stream, IL 60197-6294

PIRS Capital, LLC
1688 Meridian Ave., Ste 700
Miami Beach, FL 33139

PIRS Capital, LLC
c/o Foster & Wolkind, PC
80 Fifth Avenue
Suite 1401
New York, NY 10011

ONDECK
4700 W. Daybreak Pkwy. Suite 200
South Jordan, UT 84009

David Schenk
3867 Rhodes Ave.
Studio City, CA 91604

RETURNED MAIL:

SEP Investments, LLC
9665 Wilshire Blvd
Beverly Hills, CA 90212
(NEW ADDRESS ABOVE)

Etehad, LLC
633 W. 5th Street, 29th Floor
Los Angeles, CA 90071
(NEW ADDRESS ABOVE)